1

2

3

4

5

6

7

8                          UNITED STATES DISTRICT COURT

9                     FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   JEAN MARC VAN DEN HEUVEL,                No. 2:23–cv–00546 TLN CKD PS

12                  Plaintiff,                FINDINGS AND RECOMMENDATIONS TO
                                             DISMISS FOR LACK OF
13          v.                               SUBJECT MATTER JURISDICTION;
                                             ORDER
14   JAMIE PESCE, et al.,

15                  Defendants.

16

17          Plaintiff, who is proceeding without counsel in this action, requests leave to proceed in

18   forma pauperis ("IFP").[1]  (ECF No. 2.)  See 28 U.S.C. § 1915 (authorizing the commencement of

19   an action "without prepayment of fees or security" by a person who is unable to pay such fees).

20   The court finds that it lacks federal subject matter jurisdiction over the action.  See United

21   Investors Life Ins. Co. v. Waddell & Reed Inc., 360 F.3d 960, 967 (9th Cir. 2004) (noting the

22   federal court's independent duty to ensure it has subject matter jurisdiction in the case).

23   Accordingly, the court recommends that the action be dismissed without prejudice, and that

24   plaintiff's application to proceed in forma pauperis in this court be denied as moot.

25   ///

26   _____

27   [1] Actions where a party proceeds without counsel are referred to a magistrate judge pursuant to
     E.D. Cal. L.R. 302(c)(21).  See 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72.  Resolution of
     dispositive matters by a magistrate judge are to be filed as findings and recommendations.  See
28   Local Rule 304.

                                              1

1

## Legal Standards

2        Pro se pleadings are to be liberally construed.  Hebbe v. Pliler, 627 F.3d 338, 342 & fn. 7

3    (9th Cir. 2010) (liberal construction appropriate even post–Iqbal).  Prior to dismissal, the court is

4    to tell the plaintiff of deficiencies in the complaint and provide an opportunity to cure—if it

5    appears at all possible the defects can be corrected.  See Lopez v. Smith, 203 F.3d 1122, 1130-31

6    (9th Cir. 2000) (en banc).  However, if amendment would be futile, no leave to amend need be

7    given.  Cahill v. Liberty Mut. Ins. Co., 80 F.3d 336, 339 (9th Cir. 1996).

8        The court must dismiss a case if, at any time, it determines that it lacks subject matter

9    jurisdiction.  Fed. R. Civ. P. 12(h)(3).  A federal district court generally has jurisdiction over a

10   civil action when: (1) a federal question is presented in an action "arising under the Constitution,

11   laws, or treaties of the United States" or (2) there is complete diversity of citizenship and the

12   amount in controversy exceeds $75,000.  See 28 U.S.C. §§ 1331, 1332(a).  Further, a plaintiff

13   must have standing to assert a claim, which requires an injury in fact caused by defendant(s) that

14   may be redressed in court.  Harrison v. Kernan, 971 F.3d 1069, 1073 (9th Cir. 2020).

15       Federal courts lack subject matter jurisdiction to consider claims that are "so insubstantial,

16   implausible, foreclosed by prior decisions of this court, or otherwise completely devoid of merit

17   as not to involve a federal controversy."  Steel Co. v. Citizens for a Better Environment, 523 U.S.

18   83, 89 (1998); Hagans v. Lavine, 415 U.S. 528, 537 (1974) (court lacks subject matter jurisdiction

19   over claims that are "essentially fictitious," "obviously frivolous" or "obviously without merit");

20   see also Grancare, LLC v. Thrower by & through Mills, 889 F.3d 543, 549-50 (9th Cir. 2018)

21   (noting that the "wholly insubstantial and frivolous" standard for dismissing claims operates

22   under Rule 12(b)(1) for lack of federal question jurisdiction).  A claim is legally frivolous when it

23   lacks an arguable basis either in law or in fact.  Neitzke v. Williams, 490 U.S. 319, 325 (1989).  A

24   court may dismiss a claim as frivolous where it is based on an indisputably meritless legal theory

25   or where the factual contentions are clearly baseless.  Id. at 327; Rule 12(h)(3).

26       ## Analysis

27       Here, plaintiff purports to sue an El Dorado County judge and court clerk, respectively,

28   for unintelligible reasons.  The complaint is incoherent and states no factual premise for any

2

1   cognizable legal injury.  Insofar as the actions giving rise to the complaint are related to the

2   judicial process, defendants have immunity from this suit.  See Olson v. Idaho State Board of

3   Medicine, 363 F.3d 916 (9th Cir. 2004) (noting that judges are entitled to absolute immunity for

4   actions taken within their jurisdiction); Cal. Gov't Code § 821.6 ("A public employee is not liable

5   for injury caused by his instituting or prosecuting any judicial . . . proceeding within the scope of

6   his employment, even if he acts maliciously and without probable cause."); see also Pagtakhan v.

7   Alexander, 999 F. Supp. 2d 1151, 1156-60 (N.D. Cal. 2013) (applying Section 821.6 to claims for

8   false prosecution, general negligence, and intentional infliction of emotional distress).

9        The court does not have federal question jurisdiction over this action, because plaintiff

10  does not assert any federal claims against any defendant.  Furthermore, there is no diversity of

11  citizenship jurisdiction, because both plaintiff and defendants are citizens of California and the

12  amount in controversy requirement plainly cannot be met.  See McDaniel v. Hinch, No. 2:17-cv-

13  02448 KJM CKD (E.D. Cal.), Order dated July 11, 2018 ("[W]ith no stated claim triggering

14  either diversity or federal question jurisdiction, the complaint is properly subject to dismissal for

15  lack of jurisdiction. Fed. R. Civ. P 8(a)(2); Ashcroft v. Iqbal, 556 U.S. 662, 677 (2009).").

16       Therefore, the court recommends that the action be dismissed without prejudice for lack

17  of federal subject matter jurisdiction.

18                                    **RECOMMENDATIONS**

19       Accordingly, IT IS HEREBY RECOMMENDED that:

20       1.  Plaintiff's motion to proceed in forma pauperis (ECF No. 2) be DENIED AS MOOT;

21       2.  The action be DISMISSED for lack of subject matter jurisdiction; and

22       3.  The Clerk of Court be directed to CLOSE this case.

23  These findings and recommendations are submitted to the United States District Judge assigned to

24  the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen (14) days after

25  being served with these findings and recommendations, plaintiff may file written objections with

26  the court.  Such a document should be captioned "Objections to Magistrate Judge's Findings and

27  Recommendations."  Plaintiff is advised that failure to file objections within the specified time

28  may waive the right to appeal the District Court's order.  Turner v. Duncan, 158 F.3d 449, 455

                                              3

1   (9th Cir. 1998); <u>Martinez v. Ylst</u>, 951 F.2d 1153, 1156-57 (9th Cir. 1991).

2   **<u>ORDER</u>**

3     In light of these recommendations, IT IS ALSO HEREBY ORDERED that all pleading,

4   discovery, and motion practice in this action are stayed pending resolution of these findings and

5   recommendations.  <u>Other than objections to the findings and recommendations or non-frivolous</u>

6   <u>motions for emergency relief</u>, the court will not entertain or respond to any pleadings or motions

7   until the findings and recommendations are resolved.

8   Dated:  April 7, 2023

9                    _____

            CAROLYN K. DELANEY

10              UNITED STATES MAGISTRATE JUDGE

11

12

13

14

15  2/vandenheuvel546.f&r dismiss no SMJ, IFP moot

16

17

18

19

20

21

22

23

24

25

26

27

28